## Louisville, E. & St. L. Consolidated R. R. Co. v. John Kloes.

1. NEGLIGENCE—*A Question of Fact for the Jury.*—It is a question of fact for the jury to determine whether the negligence charged in a declaration for personal injuries is proven by the evidence.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

G. & G. A. KOERNER, attorneys for plaintiff.

KNISPEL & ROPIEQUET, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee was injured at a railroad crossing under the following state of facts: The road ran east and west. He was approaching the crossing from the north. The first track reached was a switch track, on which were standing box cars on each side of the crossing and near thereto. The highway being lower than the railroad, the box cars obscured the view of a passenger train, which was backing down on the main track at a rate of about ten miles an hour. As his horse passed the box cars, the rear end of the train being about twenty-five feet away, appellee checked up and attempted to back his horse away from the track, at which time a shrill whistle was sounded, which, it is alleged, caused the horse to suddenly turn, upset the buggy and throw the appellee on the ground with such force as to seriously injure him.

There is a conflict in the evidence as to whether the bell was sounded continuously as the train approached the crossing, as required by the ordinances of the city of Belleville, where the accident happened. There is also a conflict in the evidence as to the care used by the appellee in approaching the crossing. The conductor claimed that he was on the rear platform and called to appellee in time to have prevented the accident had he been paying attention. The appellee and a man with him claimed they were paying close attention and were listening and looking for a train. It is quite evident the conductor could not have seen the horse or man in the buggy until they were nearly on the track, for the reason the box cars were near the crossing, on a track that was only a few feet from that on which the train was backing. One count of the declaration alleges, that the shrill whistle of the engine was negligently given at the very time the crossing was reached, which frightened the horse and caused him to make the sudden turn. There is evidence to support this count. There is also evidence to

support the count of the declaration charging that a bell was not rung or kept ringing, as required by the ordinances of the city. It was wholly a question of fact for the jury to determine whether the negligence charged in either of these counts was proved. No error of law is perceived in the instructions. The judgment is affirmed.